# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                       )
        v.             )      ID No. 1703022008
                       )      Cr. A. No. IN17-04-0905
RICHARD C. WHITE,      )
           Defendant.    )

Submitted: April 5, 2024
Decided: July 23, 2024

## ORDER DENYING MOTION
## FOR CORRECTION OF SENTENCE

This 23rd day of July, 2024, upon consideration of the Defendant Richard C. White's *pro se* Motion for Correction of Illegal Sentence (D.I. 71), the State's response (D.I. 74),[1] Mr. White's reply thereto (D.I. 75), and the record in this matter, it appears to the Court that:

## RELEVANT FACTUAL AND PROCEDURAL HISTORY[2]

(1)    In September of 2017, a grand jury indicted Richard White for

---

[1]  Mr. White has asked the Court to strike the State's delinquent response. Def.'s Rule 35(a) Reply, Apr. 5, 2024, at 1 (D.I. 75). The Court has the discretion to extend the time for any response it orders—though the State didn't even make such request here—or to consider an unexcused untimely filing in such circumstance. *See, e.g., Evans v. State*, 2011 WL 1758828, at *2 (Del. May 9, 2011); *Johnson v. State,* 2015 WL 6726278, at *3 (Del. Nov. 2, 2015); *State v. Kaniecki,* 2021 WL 5114938, at *2 (Del. Super. Ct. Nov. 4, 2021). This truism, of course, provides no license for any party to simply ignore a Court-imposed deadline. But as Mr. White took occasion to address the substance of the State's late-filed response, the Court has given that filing its due weight when considering Mr. White's claim. *Kaniecki,* 2021 WL 5114938, at *2 (noting "Delaware's strong public policy in favor of allowing cases to be decided on their merits").

[2]  A fuller recounting of the procedural and factual background of Mr. White's crimes and case can be found in the Court's earlier decision denying him postconviction relief under Criminal Rule 61. *See State v. White*, 278 A.3d 680, 682-84 (Del. Super. Ct. 2022).

11 counts of Rape in the Second Degree, one count of Continuous Sexual Abuse of Child, one count of Dangerous Crime Against a Child, five counts of Sexual Exploitation of a Child, one count of Dealing in Child Pornography, and six counts of Possession of Child Pornography.[3]

(2)    These 25 felonies arose from a five-year course of sexual abuse that began when the victim, an acquaintance of one of Mr. White's children, was just 12 years-old.  The abuse ended in March 2017 when the victim finally confided to a trusted adult what Mr. White had been doing.

(3)    Mr. White pleaded guilty to a single count of second-degree rape.[4]  He did so in exchange for dismissal of all of the remaining charges and the State's favorable sentencing recommendation.[5]  The guilty plea colloquy confirms that Mr. White's decision to enter his guilty plea was knowing, voluntary, and the product of an intelligent decision made with an adequate opportunity to discuss all

---

[3]    D.I. 6.

[4]    Plea Agreement and TIS Guilty Plea Form, Jan. 16, 2018 (D.I. 15).  Mr. White pleaded the first count of his indictment (D.I. 6) which reads:

> **RAPE SECOND DEGREE** in violation of Title 11, Section 772 of the Delaware Code.
>
> RICHARD WHITE, on or between November 1, 2012 and March 16, 2013, in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with V.C., a child under the age of 14, and the intercourse occurred without said victim's consent.

[5]    Plea Agreement, at 1 ("Pursuant to 11 Del. C. 4205A[, the] defendant is subject to a minimum mandatory 25 years of unsuspended Level 5 time.  State will agree to cap recommendation at 25 years Level V.").

aspects of his case with counsel.[6]  Most importantly here, Mr. White, during that plea colloquy (and in the accompanying plea documents):  (a) admitted that his victim was under the age of 14 when he raped her;[7] and (b) confirmed that he faced a minimum mandatory term of 25 years imprisonment and the potential of a life sentence because of that fact.[8]

(4)     Following a presentence investigation, Mr. White was sentenced to a serve a term of life in prison.[9]

(5)     Mr. White docketed a timely direct appeal.  After considering his counsel's no-merit briefing and the several arguments he himself raised, the Delaware Supreme Court affirmed Mr. White's conviction and sentence.[10]

(6)     While that appeal was pending, Mr. White filed a timely *pro se* motion under Superior Court Criminal Rule 35(b) requesting reduction of the Level V term of his sentence "to anything other than natural life."[11]  That Rule 35 motion was,

---

[6]    Plea Colloquy Tr., Jan. 16, 2018, at 9-10 (D.I. 28).

[7]    *Id.* at 6-7.

[8]    *Id.*; Plea Agreement and TIS Guilty Plea Form, at 1-2.  *See* DEL. CODE ANN. tit. 11, §§ 772 and 4205A (2012) (providing, under then-extant law, that:  "Notwithstanding any provision of this chapter or any other laws to the contrary, a defendant convicted of any crime set forth in . . . § 772 . . . of this title shall be sentenced to not less than 25 years up to life imprisonment to be served at Level V if . . . [t]he victim of the instant offense is a child less than 14 years of age.").

[9]    Sentencing Order, May 18, 2018 (D.I. 21).

[10]   *White v. State*, 2018 WL 6167326 (Del. Nov. 21, 2018).

[11]   Def.'s Rule 35(b) Mot., Aug. 16, 2018 (D.I. 32); Def.'s Rule 35(b) Suppl., Mar. 22, 2019 (D.I. 37).

after disposition of his direct appeal, considered on its merits and denied.[12]

(7) Next, Mr. White docketed a motion seeking vacatur of his conviction and sentence via this Court's Criminal Rule 61. His single postconviction claim was that his plea colloquy was fatally inadequate and, therefore, his guilty plea could not stand.[13] That challenge also failed, both here and on appeal.[14]

(8) Now before the Court is Mr. White's second Rule 35 application, one which he titles a "Motion for Correction of Illegal Sentence."[15] Mr. White insists he is serving an "illegal sentence" because of a supposed defect in his indictment.[16]

## STANDARD OF REVIEW

(9) Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[17] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[18]

---

[12] *State v. White*, 2019 WL 2142035 (Del. Super. Ct. May 15, 2019).

[13] Def.'s Mot. for Postconviction Relief, Sept. 12, 2019 (D.I. 40); Postconviction Relief Hr'g Tr., Feb. 23, 2022, at 3 (D.I. 58).

[14] *State v. White*, 278 A.3d 680 (Del. Super. Ct. 2022), *rearg. denied*, 2022 WL 4091115 (Del. Super. Ct. Sept. 7, 2022), *aff'd*, 2023 WL 2173680 (Del. Feb. 22, 2023).

[15] Def.'s Rule 35(a) Mot. for Correction of Sentence, Sept. 27, 2021 (D.I. 71).

[16] Def.'s Rule 35(a) Reply, at 3-5.

[17] Del. Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[18] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

## DISCUSSION

(10) According to Mr. White, the indictment defect he contrives means his "current sentence of 'natural life' is not a sentence authorized for [his] judgment of conviction, constituting an illegal sentence."[19] That purported indictment failing isn't that the actual fact triggering his sentencing under 11 *Del. C.* § 4205A—*i.e.*, that his victim was a child under the age of 14—was either missing from his indictment or not admitted by him in his plea colloquy.[20] Instead, Mr. White insists that § 4205A somehow defines a separate offense—"the aggravated crime of Rape Second Degree pursuant to 11 Del. C. § 4205A"—that must be expressly identified that way in one's indictment with specific reference to that sentence-enhancing statute.[21] This notion is supported neither by federal nor Delaware law and Mr. White isn't due sentencing relief under his newly minted defective indictment claim.

(11) When one finishes sifting through his craftily-drawn pleadings, it's revealed that Mr. White's core complaint now is one of alleged deficiencies in his grand jury indictment. Even were there any recognizable defect—which there isn't—a criminal defendant's valid and voluntary guilty plea—which Mr. White's

---

[19]  Def.'s Rule 35(a) Mot., at 3.

[20]  Def.'s Rule 35(a) Reply, at 3-5.

[21]  Def.'s Rule 35(a) Mot., at 6, 9;  Def.'s Rule 35(a) Reply, at 3-5.

has been found time-and-again to have been[22]—constitutes a waiver of any such alleged defect or error.[23]

(12)  What's more, earlier this month, in *State v. Seramone*, this Court thoroughly examined and rejected the precise claim Mr. White pens here.[24]  As the Court explained in *Seramone*:  "Properly understood § 4205A(a)(2) establishes a sentencing enhancement to the crime of rape second degree (and other sex offenses), ***not*** a separate crime from second degree rape."[25]  The Court then went on to explain what was required for enhancement of a child rapist's sentence under § 4205A.[26] All of those predicates for application of § 4205A(a)(2)'s enhancement provisions were met in Mr. White's case.[27]  Thus, even if Rule 35(a) were the proper vehicle

---

[22]  *White v. State*, 2018 WL 6167326, at *3 (after detailing its examination of his plea colloquy on direct appeal, our supreme court "conclude[d] that [Mr.] White's [was a] knowing, intelligent, and voluntary guilty plea"); *State v. White*, 278 A.3d 680 (upholding the validity of Mr. White's guilty plea on postconviction review).

[23]  *Smith v.* State, 2014 WL 637057, at *1 (Del. Feb. 6, 2014) (by pleading guilty, defendant waived any claim that the information filed against him was defective); *Stevenson v. State*, 2003 WL 22317049, at *1 (Del. Oct. 6, 2003) (same); *Oliver v. State*, 2001 WL 1751246, at *2 (Del. Oct. 16, 2001) (same); *Downer v. State*, 543 A.2d 309, 312 (Del. 1988) (an inmate "through a voluntary and intelligent plea bargain, has forfeited his right to attack the underlying infirmity in the charge to which he pleaded guilty").

[24]  2024 WL 3324998 (Del. Super. Ct. July 8, 2024).

[25]  *Id.* at *3 (emphasis added); *id.* at *4 ("Section 4205(a)(2) is a sentencing enhancer. It requires a fact that must be proved – the victim's age – before it takes effect.").

[26]  *Id.* at *3.

[27]  Indeed, even the more-recently-added requirement that the State must ask that § 4205A be applied to one's sentence was met, though it was not expressly required by the statute as it existed when Mr. White committed his crimes in 2012 and 2013. *See* 81 DEL. LAWS ch. 297, § 1 (2018) (amending statute to require the Superior Court's  imposition of an enhanced sentence under § 4205A only "upon the State's application").

for Mr. White's latest challenge, there is nothing "illegal" about his sentence.

## CONCLUSION

(13)   Mr. White is not serving an "illegal" sentence.  Rather, the Court imposed a term within the statutorily-defined range for his rape of a child. Mr. White's indictment included the fact that his victim was under the age of 14.  He admitted to that fact during his plea colloquy and understood its effect on his sentence.  There simply is no constitutional, statutory, or rules-based requirement that his indictment identify his crime as he would label it:  "the aggravated crime of Rape Second Degree pursuant to 11 *Del. C.* § 4205A."  In turn, Mr. White's motion for correction of his sentence brought under Criminal Rule 35(a) must be **DENIED**.

**IT IS SO ORDERED.**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:   Mr. Richard C. White, *pro se*
Diana A. Dunn, Deputy Attorney General